UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN RAUNER,

         *Plaintiff*,

v.

COMMISSIONER OF SOCIAL SECURITY,

         *Defendant.*
_____/

CASE NO. 16-cv-11967
DISTRICT JUDGE JOHN CORBETT O'MEARA
MAGISTRATE JUDGE PATRICIA T. MORRIS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON THE COMMISSIONER'S MOTION TO DISMISS (Doc. 14)

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the Commissioner's Motion to Dismiss, (Doc. 14), be **GRANTED**, and that this case be **DISMISSED**.

### II.    REPORT

On May 31, 2016, this case was filed *pro se* by Plaintiff John Rauner and referred to the undersigned Magistrate Judge for pretrial case management. (Docs. 1, 3). Thereafter, on December 12, 2016, the Commissioner filed the instant motion to dismiss. (Doc. 14).

Plaintiff's complaint appeals from a January 21, 2015 denial of his claim for supplemental security income under Title XVI of the Social Security Act. *See generally* (Doc. 14 at ID 52-67). Following that denial, Plaintiff requested Appeals Council review thereof, but the Appeals Council denied his request on March 23, 2016. (Doc. 14 at ID

1

50). This denial informed Plaintiff that he could either appeal within sixty days of receiving the notice of denial, or he could request more time upon a showing of good cause. (Doc. 14 at ID 69-70). Notice would be presumed five days after the date of such notice, i.e., as of March 28, 2016 (20 C.F.R. §422.210(c)), meaning that Plaintiff needed to file a civil action on or before May 27, 2016 in order to challenge the outcome. (*Id.*). Because Plaintiff did not file a civil action until May 31, 2016, the Commissioner asks this Court to dismiss his suit as untimely.

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *accord F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941))). Such consent exists with respect to challenges lodged against the Commissioner of Social Security under Title II and Title XVI of the Act, as specified in 42 U.S.C. §§ 405(g) and 405(h):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . . No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.

This sixty-day window is "not jurisdictional but a period of limitations." *Day v. Shalala*, 23 F.3d 1052, 1058 (6th Cir. 1994). Outside this interval, therefore, a claimant may no

longer challenge the Commissioner's decision. *See* 42 U.S.C. § 405(h) ("No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."). Equitable tolling of this period remains available only "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen v. City of New York*, 476 U.S. 467, 480 (1986) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)). The Sixth Circuit evaluates five factors in making this consideration:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)).

Plaintiff filed suit four days past the sixty-day deadline specified by statute. I note that Plaintiff's complaint was dated May 26, 2016, and Plaintiff placed it in the hands of the postal service via certified mail on May 26, 2016. However, the ate which controls in this case is the date on which the complaint was actually filed rather than mailed. In other words, there is no "mailbox rule" for filing social security complaints. *Theriot ex rel JDT v. Comm'r of Soc. Sec.*, No. 11-15130, 2013 WL 1010733, at *3 (E.D. Mich. Jan. 25, 2013); *Clark v. Comm'r of Soc. Sec.*, No. 11-1265, 2012 WL 1830218, at *3 (W.D. Mich. May 18, 2012). In addition, Plaintiff does not allege anything that might trigger eligibility for equitable tolling. *Cf. Kellum v. Comm'r of Soc. Sec.*, 295 F. App'x 47, 49 (6th Cir.

3

2008) ("Because Kellum's complaint was untimely, he can avoid dismissal only if he establishes exceptional circumstances warranting equitable tolling, a point on which Kellum bears the burden."). In light of this lapse, the Court should discard Plaintiff's suit.

For the reasons set forth above, **IT IS RECOMMENDED** that the Commissioner's Motion to Dismiss, (Doc. 14), be **GRANTED**, and that this case be **DISMISSED**.

### III.  REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to

which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  March 7, 2017                         S/ PATRICIA T. MORRIS
                                                       Patricia T. Morris
                                                       United States Magistrate Judge

## **CERTIFICATION**

      I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to John Rauner at 880 N. Bainbridge Center Rd., Watervliet, MI 49098.

Date: March 7, 2017                          By s/Kristen Castaneda
                                                       Case Manager